-7-23-07
12:05 p.m.
Cut Member

STATE OF WISCONSIN          CIRCUIT COURT          WAUKESHA COUNTY
                                                   REILLY

**CHARLES STELTER**
W340 N4875 Road O
Nashotah, WI 53058

       Plaintiff,

    v.

**CITY OF WAUKESHA**
201 Delafield Street
Waukesha, WI 53188

       Defendant.

# 07CV1992

Case No. _____

Case Code 30301 Money Judgment

CLERK OF COURTS

JUL 2 0 2007

THIS IS AN AUTHENTICATED COPY OF AN
ORIGINAL DOCUMENT FILED IN THE CLERK
OF COURTS OFFICE WAUKESHA COUNTY.

**SUMMONS**

THE STATE OF WISCONSIN

To each person named above as a defendant:

RECEIVED
JUL 2 3 2007
WAUKESHA CITY CLERK

    You are hereby notified that the plaintiff named above has filed a lawsuit or other legal action against you. The complaint, which is attached, states the nature and basis of the legal action.

    Within 45 days of receiving this summons, you must respond with a written answer, as that term is used in chapter 802 of the Wisconsin Statutes, to the complaint. The court may reject or disregard an answer that does not follow the requirements of the statutes. The answer must be sent or delivered to the court, Waukesha County Courthouse whose address is 515 W. Moreland Blvd., Waukesha, Wisconsin 53188-2428, and to John F. Fuchs, plaintiff's attorney, whose address is Fuchs, DeStefanis & Boyle, S.C., 620 N. Mayfair Road, Milwaukee, Wisconsin 53226-4253. You may have an attorney help or represent you.

If you do not provide a proper answer within 45 days, the court may grant judgment against you for the award of money or other legal action requested in the complaint, and you may lose your right to object to anything that is or may be incorrect in the complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated at Milwaukee, Wisconsin this 12th day of July, 2007.

FUCHS, DeSTEFANIS & BOYLE, S.C.
Attorney for the Plaintiff,

By _John F. Fuchs_____
John F. Fuchs
State Bar No. 01016712

PO Box Address:
Fuchs, DeStefanis & Boyle, S.C.
620 N. Mayfair Road
Milwaukee, WI 53226-4253
414-257-1800
414-257-1510 Fax

STATE OF WISCONSIN          CIRCUIT COURT **REILLY** WAUKESHA COUNTY

**CHARLES STELTER**
W340 N4875 Road O
Nashotah, WI 53058

    Plaintiff,

v.

    Case No. _____
    Case Code 30301 Money Judgment

**CITY OF WAUKESHA**
201 Delafield Street
Waukesha, WI 53188

# 07CV1992

## CLERK OF COURTS

    Defendant.

### JUL 2 0 2007

THIS IS AN AUTHENTICATED COPY OF AN
ORIGINAL DOCUMENT FILED IN THE CLERK
OF COURTS OFFICE WAUKESHA COUNTY.

The above-named plaintiff, by his attorneys, John F. Fuchs and Fuchs, DeStefanis & Boyle, S.C., claims against the above-named defendant, and alleges as follows:

### NATURE OF THE ACTION

1.    This action is brought by a former firefighter of the City of Waukesha Fire Department. He brings this action for a declaratory judgment, overtime pay, liquidated damages, and other relief, under the federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et. Seq. ("FLSA"). The alleged violations occurred commencing in November 2006.

2.    Defendant has willfully violated the FLSA by intentionally failing and refusing to pay plaintiff all compensation due him under the FLSA and its implementing regulations.

### JURISDICTION

3.    Concurrent jurisdiction of this action in the State Court is conferred upon this Court by 29 U.S.C. §216(b) and 28 U.S.C. §§1331 and 1337.

4.    Declaratory relief is authorized under 28 U.S.C. §§2201 and 2202.

5.      This Court is the proper venue pursuant to 28 U.S.C. §1391(b)

## PARTIES

6.      The plaintiff is an adult citizen of the State of Wisconsin, residing in the County

of Waukesha, who was, at all times pertinent hereto, employed as a firefighter/paramedic in the

rank of firefighter/paramedic with the City of Waukesha Fire Department, and is therefore an

employee within the meaning of FLSA §203(e). He has consented to become a member of this

action pursuant to FLSA§216(b), as indicated by the signed consent attached hereto and

incorporated herein as **Exhibit 1.**

7.      The Defendant, City of Waukesha, is a municipal corporation with offices at 201

Delafield Street, Waukesha, Wisconsin, 53188, and is the municipal employer of all those

individuals working for the City of Waukesha Fire Department, including the plaintiff.

8.      The Defendant, and the City of Waukesha Fire Department, are employers within

the meaning of FLSA §203(d).

## STATEMENT OF CLAIMS

9.      Defendant has violated the FLSA by failing and refusing in a willful and

intentional manner to pay the plaintiff wages due him under the FLSA, and in implementing

restrictions and regulations, commencing November 2006 and for the period thereafter

preceeding this complaint.

10.      Plaintiff was subjected by Defendant, his employer, to duty restrictions, and in

honoring such restrictions has worked in the form of lost off time, restricted location, and

maintaining an on-call availability, thus accruing overtime for which he was not fully

compensated.

11.    Plaintiff was not paid for all his hours of work as defined by 29 C.F.R. Part 785. Defendant has not properly credited plaintiff for his work.

12.    Defendant has not properly calculated the regular rate of pay for plaintiff under 29 C.F.R Part 788.

13.    Defendant failed to keep appropriate records as required by the FLSA.

14.    Attached hereto and incorporated herein as **Exhibit 2** is the November 28, 2006 letter of the Chief imposing upon the plaintiff the following job related restriction:

> 3)    You will contact me prior to leaving the response area for any periods of longer than 24 hours.

15.    Attached hereto and incorporated herein as **Exhibit 3** is the January 10, 2007 letter of Rebecca D. Boyle, an attorney for plaintiff, to James R. Korom, an attorney for the Chief of Police of the Waukesha Fire Department, requesting that:

> ... those administrative restrictions be lifted so as to allow him the ability to exercise what would otherwise be his ordinary off time.

16.    Attached hereto and incorporated herein as **Exhibit 4** is the February 5, 2007, response of the Chief of the Waukesha Fire Department indicating that the following "will remain in effect:"

> 3)    You will contact me prior to leaving the response area for any periods of longer than 24 hours.

17.    Plaintiff, at all times relevant to this action, was attempting to preserve his employment with the Waukesha Fire Department, to make his best efforts to follow the directives of the Chief, and at all times relevant to this action abided by the above quoted work restriction applicable to his off-duty hours.

18.    Attached hereto and incorporated herein as **Exhibit 5** is plaintiff's summary of days scheduled off work for 2006 and 2007.

19.    Attached hereto and incorporated herein as **Exhibit 6** is plaintiff's days scheduled to work for 2006 and 2007.

20.    Attached hereto and incorporated herein as **Exhibit 7** is plaintiff's work reduction days and vacations days for 2007.

21.    Attached hereto and incorporated herein as **Exhibit 8** is plaintiff's final payout calculation upon severance from employment.

22.    Despite plaintiff's request for relief and recission, through counsel, and through his collective bargaining unit, plaintiff was subject to the restriction in issue as to all days off. As a result and by way of example, if plaintiff had scheduled off days while on administrative leave, as noted on Exhibit 4, for December 22, 23, 24, and 25, 2006, plaintiff effectively could not be off on 2 out of 4 of those days.

23.    A Waukesha fire fighter generally is not subject to the restriction which is above quoted, and which is the subject matter of this litigation, and could therefore, on the off days as described in the foregoing paragraph, be anywhere in the world, and free to do anything within the confines of law, which he pleased. Because of the aforedescribed work restriction, this plaintiff could take only one day off, but had to be back in the response area for the next day. He could then take the third day off in the foregoing hypothetical, December 24th, but had to be back in the response area December 25th. Thus the work restriction put in place while plaintiff was on administrative leave directly and proximately caused the plaintiff to lose 50% of his off time during such leave, but with no compensation.

24.     As a direct result and proximate cause of the foregoing, the plaintiff has been on-call for duty, and subject to work imposed restrictions, forfeiting a number of off days in a sum to be determined by the trier of fact, and resulting in a denial and loss of compensation for such days, all in an amount to be determined by the trier of fact.

25.     **Exhibit 6** shows that plaintiff had regularly scheduled vacation/work reduction days, during which plaintiff was subject to the aforedescribed work restriction.  Thus plaintiff was unable to employ such days to his own use and purpose, and instead was subject to the duty related restriction as hereinbefore described.  As a direct result and proximate cause, plaintiff forfeited such days.  However, plaintiff was not compensated for those days, and all of such days were deducted from his final payout as set forth on **Exhibit 7.**

26.     As a direct result and proximate cause of the foregoing, the plaintiff was subject to duty restrictions and on-call for his earned vacation and work reduction days in 2007.  Thus the deduction for work reduction days and vacation days as reflected in Exhibit 8, in all totaling 168 hours, is in error, and plaintiff is entitled to be compensated for each and every one of the 168 hours deducted.  Plaintiff, as a direct result and proximate cause of the wrongful deduction and credit is entitled to additional compensation for such 168 hours in an amount to be determined by the trier of fact.

27.     Defendant violated the FLSA by failing and refusing in a willful and intentional manner to pay plaintiff compensation due him under the FLSA and its implementing regulations as hereinafter alleged.

28.     No notice of circumstance nor notice of claim under Chapter 893, Wis. Stats., in that a state statutory law procedural requirement cannot hamper, restrict, reduce, or restrain, an action under a federal law.

**WHEREFORE**, plaintiff prays that this Court:

A.    Order the defendant, under the supervision of plaintiff's counsel or his designated agents or representatives, to make a complete and accurate accounting of all FLSA time due to the plaintiff;

B.    Enter a declaratory judgment declaring that the defendant has willfully, intentionally and wrongfully violated its statutory obligations and deprived plaintiff of his entitlement under the FLSA;

C.    Enter a judgment under FLSA 29 U.S.C. §216 against defendant for all sums found due to the plaintiff;

D.    Award the plaintiff monetary damages in the form of compensation and liquidated damages equal to his unpaid compensation, plus interest;

E.    Award plaintiff his reasonable attorney's fees, costs, and expenses, to be paid by defendant, and

F.    Grant such other relief as may be just and proper.

Dated at Milwaukee, Wisconsin this 12th day of July, 2007.

FUCHS, DeSTEFANIS & BOYLE, S.C.
Attorney for the Plaintiff,

By _____
       John F. Fuchs
       State Bar No. 01016712

**PO Box Address:**
Fuchs, DeStefanis & Boyle, S.C.
620 N. Mayfair Road
Milwaukee, WI 53226-4253
414-257-1800
414-257-1510 Fax

EXHIBIT 1

## CONSENT TO BECOME A PARTY PLAINTIFF IN A CIVIL ACTION UNDER THE FAIR LABOR STANDARD ACT

I believe that my rights to proper compensation under the Fair Labor Standards Act (FLSA) may have been violated by my former employer. Therefore, I consent to becoming a party plaintiff, pursuant to the FLSA, in a lawsuit against my former employer.

I authorize the law firm of FUCHS, DeSTEFANIS & BOYLE, S.C., 620 North Mayfair Road, Milwaukee, Wisconsin 53226 to represent me as counsel with respect to all claims under the FLSA, and other related laws which I have or may have against my former employer. The authorization includes both an investigation of the validity of claims and any resulting litigation concerning such claims. The attorneys are authorized to file this consent on my behalf in an appropriate court and to take all steps pertinent thereto on my behalf, including, the filing of complaints, amended complaints, and other pleadings, and the settlement and collections of any and all such claims.

I hereby request that the court assess any costs and expenses of this action and reasonable attorneys fees against my former employer, and award said costs, expenses and fees to my above-named counsel.

I understand that under the FLSA I cannot be discharged or in any way disciplined or penalized by my former employer or its agents because of my participation in an FLSA lawsuit or because of my assertion of rights under the FLSA

Signature: _____       Date: _7-12-07_____
          Charles Stelter

EXHIBIT 2



# FIRE DEPARTMENT
130 W. ST. PAUL AVENUE
WAUKESHA, WISCONSIN 53188-3172
TELEPHONE 262/524-3668  FAX 262/542-2010

Allen J. LaConte, Chief
alaconte@ci.waukesha.wi.us

November 28, 2006

Charles Stelter
W340 N4875 Road O
Nashotah, WI 53058

Dear Firefighter Stelter:

The purpose of this letter is to notify you that you are being placed on paid administrative leave effective immediately.

As part of this administrative leave, you are hereby ordered to abide by the following:

1) You shall remain subject to all Department Rules, Regulations, Policies and Procedures.
2) You will make yourself available during normal scheduled hours on a daily basis.
3) You will contact me prior to leaving the response area for any periods of longer than 24 hours.
4) You will not enter any City of Waukesha Fire Station or perform any firefighter duties without prior approval from myself until further notified.
5) You will not contact any member of the City of Waukesha Fire Department, except for your chosen union representative.

This Administrative Leave shall remain in effect until further notice.

A written notice from this Office shall be issued as to the date and time your Administrative Leave period is concluded or additional action is being sought.

Allen J. LaConte, Fire Chief                    Date
City of Waukesha Fire Department

I, the below signed, acknowledge that I have read the above and understand its content.

Signed:

Date:                    Time:                    AM/PM

Witnessed by:                    Rank:

**EXHIBIT 3**

FUCHS,
  DeSTEFANIS
    & Boyle, S. C.

TELEPHONE: (414) 257-1800
FACSIMILE: (414) 257-1510
FDB@FDBLAW.COM

620 NORTH MAYFAIR ROAD
MILWAUKEE, WISCONSIN 53226-4253

ATTORNEYS AT LAW

JOHN F. FUCHS
*Court Commissioner*
JOHN L. DeSTEFANIS
REBECCA D. BOYLE
*Court Commissioner*

January 10, 2007

<u>**VIA FACSIMILE & MAIL**</u>

James R. Korom, Esq.
von Briesen & Roper, S.C.
411 E. Wisconsin Avenue, Suite 700
PO Box 3262
Milwaukee, WI 53201-3262

       Re:    Charles Stelter/Waukesha Fire Department

Dear Mr. Korom:

We have heard nothing from either you or the Department since January 2, 2007 relative to Mr. Stelter's status.

As Mr. Stelter has been under administrative restrictions for a significant period of time, we are requesting that those administrative restrictions be lifted so as to allow him the ability to exercise what would otherwise be his ordinary off time.  Specifically, Mr. Stelter would make himself available at all times as he would be his normal work shift on the "Shift 1 calendar."  Mr. Stelter would otherwise be permitted to utilize his off time, as would be consistent with this work shift.

Please respond at your earliest convenience.

Very truly yours,

FUCHS, DeSTEFANIS & BOYLE, S.C.

Rebecca D. Boyle
RDB/kmb

cc:    Daniel Holehouse, President Waukesha Fire Fighters Association, Local 407
       Charles Stelter

**EXHIBIT 4**



**FIRE DEPARTMENT**                                    Allen J. LaConte, Chief
                                                        alaconte@ci.waukesha.wi.us
180 W. ST. PAUL AVENUE
WAUKESHA, WISCONSIN 53188-5172
TELEPHONE 262/524-3650  FAX:262/524-2010

February 5, 2007

Charles Stelter
W340 N4875 Road O
Nashotah, WI  53058

Dear Firefighter Stelter:

The purpose of this letter is to notify you that you will remain on paid administrative until further notice.

As a reminder, the following will remain in effect:

1) You shall remain subject to all Department Rules, Regulations, Policies, and Procedures.
2) You will make yourself available during normal scheduled hours on a daily basis.
3) You will contact me prior to leaving the response area for any periods of longer than 24 hours.
4) You will not enter any City of Waukesha Fire Station or perform any firefighter duties without prior approval from myself until further notified.
5) You will not contact any member of the City of Waukesha Fire Department, except for your chosen union representative.

A written notice from this Office shall be issued as to the date and time your Administrative Leave period is concluded or additional action is being sought.

Allen J. LaConte, Fire Chief
City of Waukesha Fire Department

**EXHIBIT 5**

| Days schedulded off work 2006 | # of Hours |
|---|---|
| 28-Nov | 16 |
| 30-Nov | 24 |
| 2-Dec | 24 |
| 4-Dec | 24 |
| 5-Dec | 24 |
| 6-Dec | 24 |
| 7-Dec | 24 |
| 9-Dec | 24 |
| 11-Dec | 24 |
| 13-Dec | 24 |
| 14-Dec | 24 |
| 15-Dec | 24 |
| 16-Dec | 24 |
| 18-Dec | 24 |
| 20-Dec | 24 |
| 22-Dec | 24 |
| 23-Dec | 24 |
| 24-Dec | 24 |
| 25-Dec | 24 |
| 27-Dec | 24 |
| 29-Dec | 24 |
| 31-Dec | 24 |

**Total Days in 2006 = 22**    **Total hours in 2006 = 520**

| Days scheduled off work 2007 | # of Hours |
|---|---|
| 1-Jan | 24 |
| 2-Jan | 24 |
| 3-Jan | 24 |
| 5-Jan | 24 |
| 7-Jan | 24 |
| 9-Jan | 24 |
| 10-Jan | 24 |
| 11-Jan | 24 |
| 12-Jan | 24 |
| 15-Jan | 24 |
| 16-Jan | 24 |
| 17-Jan | 24 |
| 18-Jan | 24 |
| 20-Jan | 24 |
| 22-Jan | 24 |
| 24-Jan | 24 |

| | |
|---|---|
| 25-Jan | 24 |
| 25-Jan | 24 |
| 27-Jan | 24 |
| 29-Jan | 24 |
| 31-Jan | 24 |
| 2-Feb | 24 |
| 3-Feb | 24 |
| 4-Feb | 24 |
| 5-Feb | 24 |
| 7-Feb | 24 |
| 9-Feb | 24 |
| 11-Feb | 24 |
| 12-Feb | 24 |
| 13-Feb | 24 |
| 14-Feb | 24 |
| 16-Feb | 24 |
| 18-Feb | 24 |
| 20-Feb | 24 |
| 21-Feb | 24 |
| 22-Feb | 24 |
| 23-Feb | 24 |
| 25-Feb | 24 |
| 27-Feb | 24 |
| 1-Mar | 24 |
| 2-Mar | 24 |
| 3-Mar | 24 |
| 4-Mar | 24 |
| 6-Mar | 24 |
| 8-Mar | 24 |
| 10-Mar | 24 |
| 11-Mar | 24 |
| 12-Mar | 24 |
| 13-Mar | 24 |
| 15-Mar | 24 |
| 17-Mar | 24 |
| 19-Mar | 24 |
| 20-Mar | 24 |
| 21-Mar | 24 |
| 22-Mar | 24 |
| 24-Mar | 24 |
| 26-Mar | 24 |
| 28-Mar | 24 |
| 29-Mar | 24 |
| 30-Mar | 24 |

| | |
|---|---|
| 31-Mar | 24 |
| 2-Apr | 24 |
| 4-Apr | 24 |
| 6-Apr | 24 |
| 7-Apr | 24 |
| 8-Apr | 24 |
| 9-Apr | 24 |
| 11-Apr | 24 |
| 13-Apr | 24 |
| 15-Apr | 24 |
| 16-Apr | 24 |
| 17-Apr | 24 |
| 18-Apr | 24 |
| 20-Apr | 24 |
| 22-Apr | 24 |
| 24-Apr | 24 |
| 25-Apr | 24 |
| 26-Apr | 24 |
| 27-Apr | 24 |
| 29-Apr | 24 |
| 1-May | 24 |
| 3-May | 24 |
| 4-May | 24 |
| 5-May | 24 |
| 6-May | 24 |
| 8-May | 24 |
| 10-May | 24 |
| 12-May | 24 |
| 13-May | 24 |
| 14-May | 24 |
| 15-May | 24 |
| 17-May | 24 |
| 19-May | 24 |
| 21-May | 24 |
| 22-May | 24 |
| 23-May | 24 |
| 24-May | 24 |
| 26-May | 24 |
| 28-May | 24 |
| 30-May | 24 |
| 31-May | 24 |
| 1-Jun | 6 |

**Total Days in 2007 = 102**        **Total hours in 2007 = 2430**

**Rate of Pay**
*$21.57 per hour*

**Rate of Pay**
*$22.26 per hour*

**EXHIBIT 6**

| Days scheduled to work 2006 | # of Hours |
|---|---|
| 29-Nov | 24 |
| 1-Dec | 24 |
| 3-Dec | 24 |
| 10-Dec | 24 |
| 12-Dec | 24 |
| 17-Dec | 24 |
| 19-Dec | 24 |
| 21-Dec | 24 |
| 26-Dec | 24 |
| 28-Dec | 24 |
| 30-Dec | 24 |

**Total Days in 2006 = 11**          **Total Hours in 2006 = 264**

| Days scheduled to work 2007 | # of Hours |
|---|---|
| 4-Jan | 24 |
| 6-Jan | 24 |
| 8-Jan | 24 |
| 13-Jan | 24 |
| 14-Jan | 24 |
| 21-Jan | 24 |
| 23-Jan | 24 |
| 28-Jan | 24 |
| 30-Jan | 24 |
| 1-Feb | 24 |
| 6-Feb | 24 |
| 8-Feb | 24 |
| 10-Feb | 24 |
| 24-Feb | 24 |
| 26-Feb | 24 |
| 28-Feb | 24 |
| 5-Mar | 24 |
| 7-Mar | 24 |
| 9-Mar | 24 |
| 14-Mar | 24 |
| 16-Mar | 24 |
| 18-Mar | 24 |
| 23-Mar | 24 |
| 25-Mar | 24 |
| 27-Mar | 24 |
| 1-Apr | 24 |
| 3-Apr | 24 |

| | |
|---|---|
| 5-Apr | 24 |
| 10-Apr | 24 |
| 12-Apr | 24 |
| 14-Apr | 24 |
| 28-Apr | 24 |
| 30-Apr | 24 |
| 2-May | 24 |
| 7-May | 24 |
| 9-May | 24 |
| 11-May | 24 |
| 16-May | 24 |
| 18-May | 24 |
| 20-May | 24 |
| 25-May | 24 |
| 27-May | 24 |
| 29-May | 24 |

**Total Days in 2007 = 43**          **Total Hours in 2007 = 1032**

**Rate of pay 2006**
*$21.57 per hour*

**Rate of pay 2007**
*$22.26 per hour*

**EXHIBIT 7**

| Days picked as Vacation / Work Reduction 2007 | # of Hours |
|---|---|
| 19-Jan | 24 |
| 15-Feb | 24 |
| 17-Feb | 24 |
| 19-Feb | 24 |
| 19-Apr | 24 |
| 21-Apr | 24 |
| 23-Apr | 24 |

**Total Days in 2007 = 7**          **Total Hours in 2007 = 168**



# FIRE DEPARTMENT

130 W. ST. PAUL AVENUE
WAUKESHA, WISCONSIN 53188-5172
TELEPHONE 262/524-3588  FAX 262/542-2010

Allen J. LaConte, Chief
alaconte@ci.waukesha.wi.us

**To:**   Donna Whalen, Human Resource Manager

**From:**  Kathy Stefan, Administrative Assistant

**Date:**  June 4, 2007

**Re:**   Resignation of Charles Stelter

We have been informed by Charles Stelter that he is resigning from the department, effective June 1, 2007. (A copy of his letter of resignation is attached.)

The following is the final separation payout:

| | |
|---|---|
| 2007 Work Reduction Days Earned in 2007 (16 hours X 5 months) | =  80 Hours |
| 2007 Holidays Earned in 2007 (12 hours X 5 months) | =  60 Hours |
| 2007 Vacation Earned in 2006 | = 216 Hours |
| 2006 Holidays Earned in 2006 (labor agreement catch up) | = *143 Hours |
| 2008 Vacation Earned in 2007 (18 hours X 5 months) | =  90 Hours |
| **Total Hours Earned** | **= 589 Hours** |
| | |
| 2007 Vacation Used in 2007 | =  0 Hours |
| 2007 Work Reduction Days Used in 2007 | = 168 Hours |
| **Total Hours Used** | **= 168 Hours** |

***Balance of Hours (Total Hours Earned Less Total Hours Used)***    ***= 421 Hours***

Conversion – Hours to Dollars:

| | |
|---|---|
| (278 Hours at the rate of $22.26 per hour – 2007 pay rate) | = $ 6,188.28 |
| (*143 Hours at the rate of $21.57 per hour – 2006 pay rate) | = $ 3,084.51 |
| Clothing Allowance Back Pay per Labor Agreement) | |
| ($600 - $420 = $180/365 = $.4931 X 151) | $   74.46 |
| | |
| **Total Dollars Earned** | **= $ 9,347.25** |
| Less Clothing Allowance Paid/Unused in 2007 (calculated daily) | |
| ($420/365 = $1.1506 X 214 days unused) | ($   246.23) |
| Less Tuition Reimbursement Recovery (See policy D-2) | =($   000.00) |
| | |
| **Final Payout** | **= $ 9,101.02** |

If you have any questions, please contact me.

Copies:  Charles Stelter
         Sue Conway
         File

